J-S44017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILFREDO SANTIAGO | : | |
| | : | |
| Appellant | : | No. 453 EDA 2025 |

Appeal from the PCRA Order Entered January 13, 2025
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001959-2020

BEFORE: LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED FEBRUARY 6, 2026**

Wilfredo Santiago ("Appellant") appeals from the denial of his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Appellant contends his trial counsel provided ineffective assistance by failing to utilize a Spanish-language interpreter when meeting with him outside of court. Following our review, we affirm.

The Commonwealth charged Appellant with numerous offenses in connection with his involvement in a physical confrontation with a police officer that occurred on the steps of his girlfriend's house during a neighborhood block party in the summer of 2019. Appellant's first language is Spanish, but having moved to Pennsylvania from Puerto Rico in 1998, he understands English. Nonetheless, a Spanish language interpreter was present and utilized during each of Appellant's court proceedings, as well as just prior to the trial in the courthouse when trial counsel prepared him and

his girlfriend to testify. Following his trial, at which Appellant testified that he acted in defense of his girlfriend when he pushed the police officer, a jury found him guilty of six charges. On March 2, 2022, the court sentenced Appellant to an aggregate term of 84 to 168 months' incarceration. This Court affirmed his judgment of sentence on April 26, 2023. *See Commonwealth v. Santiago*, 294 A.3d 482 (Pa. Super. 2023).

Appellant filed a *pro se* petition for PCRA relief on December 29, 2023. Following the appointment of counsel, he filed an amended PCRA petition alleging that Christopher Shipman, Esq., provided ineffective assistance of counsel because he did not use a Spanish-language interpreter during their two out-of-court meetings so Appellant was unable to participate meaningfully in the preparations for his trial.

The PCRA court held an evidentiary hearing on August 29, 2024, at which Appellant and Attorney Shipman testified. Following briefing from counsel, the PCRA court entered its order and opinion denying Appellant's amended petition on January 13, 2025.

Appellant timely appealed and both the PCRA court and Appellant complied with Pa.R.A.P. 1925.[1] In his appellate brief, Appellant raises the following issue: "Was Attorney Shipman ineffective for failing to utilize a Spanish interpreter when he communicated with Appellant outside of court proceedings?" Appellant's Br. at 4.

---

[1] The PCRA court relied on its January 13, 2025 order and opinion. *See* Pa.R.A.P. 1925(a) Statement, filed 4/11/25.

When reviewing a decision denying PCRA relief, we are limited to determining "whether the PCRA court's findings of fact are supported by the record" and "whether its conclusions of law are free from legal error." *Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa. Super. 2020) (citation omitted). While the PCRA court's credibility determinations are binding when supported by the record, we review the court's legal conclusions utilizing a *de novo* standard of review. *Id.*

A petitioner may obtain PCRA relief by pleading and proving by a preponderance of evidence "[t]hat the conviction or sentence resulted from . . . [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed effective, and a petitioner has the burden to overcome that presumption by establishing that "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). *Id.* at 312 (citation and internal quotation marks omitted). Our appellate courts have provided the following guidance with respect to these three prongs:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. The ultimate question of whether facts rise to the level of arguable merit is a legal determination.
>
> Regarding the second prong of the ineffectiveness test, . . . we do not question whether there were other more logical courses of

- 3 -

action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. We will conclude that counsel's chosen strategy lacked a reasonable basis only if an appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

With respect to the prejudice prong, the petitioner must demonstrate that but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding. The prejudice inquiry requires consideration of the totality of the evidence.

*Commonwealth v. Pacheco*, 340 A.3d 1038, 1042 (Pa. Super. 2025) (citation omitted; internal brackets and ellipse omitted).

Appellant acknowledges that a Spanish interpreter participated in all the proceedings that occurred in the courtroom. Appellant's Br. at 9. He contends, however, that "the principles at play in [*Commonwealth v.*] *Diaz*, [226 A.3d 995 (Pa 2020),] apply to his communications with counsel outside of trial." *Id*. He states that "[w]here counsel's failure to provide a foreign language interpreter deprives a[n] [Appellant] of the opportunity for communication with counsel, counsel is *per se* ineffective and [Appellant] is not required to demonstrate prejudice to obtain PCRA relief." *Id*. at 8-9 (citing *Diaz*, 226 A.3d at 1011-12).[2] Without acknowledging the evidence presented

_____

[2] In *Commonwealth v. Diaz*, the Pennsylvania Supreme Court held that under the facts and circumstances present in that case, trial counsel provided ineffective assistance by, *inter alia*, failing to obtain an interpreter on the first day of the appellant's trial when jury selection and the direct and cross-examination testimony of the complainant occurred. 226 A.3d at 996. Here, Appellant had an interpreter at all critical stages of his case.

- 4 -

at the PCRA hearing, Appellant avers that "without the assistance of a Spanish interpreter when discussing matters with Attorney Shipman outside of court proceedings, it was as if [Appellant] arrived at trial having never spoken with Attorney Shipman, thereby making it impossible for [Appellant] to meaningfully participate in the preparation of his own defense." Appellant's Br. at 9-10. This argument is belied by the record.

In explaining its reasons for denying Appellant's petition, the PCRA court accurately summarized the evidence presented at the PCRA hearing and its credibility determinations, as follows:

> At the PCRA hearing held on August 29, 2024, both [Appellant] and defense counsel [] testified about this issue. An interpreter was utilized for the PCRA hearing. At the outset, [Appellant] acknowledged that he understood English, but did not understand "legalese" English. [Appellant] had discussions in English with Attorney Shipman at his office and by telephone. [Appellant] also testified that he was able to understand Attorney Shipman in English, and that he never requested an interpreter for meetings or telephone calls. . . . [Appellant] acknowledged that he remembered Attorney Shipman's request about videos, photographs and anything else that could support his defense. There were also telephone calls between [Appellant] and Attorney Shipman, including one about a possible negotiated plea. The important discussion about the plea offer and other phone conferences were in English. It is clear that [Appellant] understood the plea offer in English, since he testified that it made him upset. Significantly, he has been living in the United States since 1998.
>
> Attorney Shipman testified that he had been a public defender for 17 years, and that his private practice has been primarily in criminal defense for 25 years. Attorney Shipman believed that [Appellant] understood him during these meetings and calls in English. In addition to the plea offer, which this [c]ourt referenced earlier, they discussed the critical issue of a justification defense in English. Specifically, Attorney Shipman testified that there

were ongoing discussions about [Appellant]'s claim that he was attempting to protect his girlfriend.

Attorney Shipman distinguished the need for an interpreter in meetings and court proceedings. Therefore, even though they discussed some matters in English during the trial, an interpreter was utilized for the trial proceedings. Importantly, Attorney Shipman never had a concern that the plea offer was not understood by [Appellant] when presented in English. Apparently, during breaks from court proceedings, there were also discussions in English. Significantly, the telephone call about the plea offer was approximately 15 minutes and the discussion in Attorney Shipman's conference room was approximately 30 minutes. In order to prepare for trial, Attorney Shipman's secretary made several attempts to schedule an appointment with [Appellant], but he failed to respond. The interpreter was present at the courthouse when Attorney Shipman met with [Appellant] to further prepare for trial. Specifically, the interpreter was used to prepare the testimony of [Appellant] and his girlfriend. It is reasonable to infer that this preparation addressed [Appellant]'s claim of a justification defense. This trial preparation was discussed in English and with the assistance of the interpreter.

Tr. Ct. Op., 1/13/25, at 3-5 (citations to notes of testimony omitted).

The PCRA court found Attorney Shipman's testimony—that he believed Appellant understood their interactions in English—to be credible. *Id*. at 5; *see also* N.T., 8/29/24, at 17-20 (Shipman testifying to telephone and in-person meetings with Appellant and explaining that Shipman requested the use of an interpreter during court proceedings to protect Appellant). The court further noted that because Appellant acknowledged at the PCRA hearing that he understood English when meeting with Attorney Shipman or talking to him by phone, "his argument that his trial preparation was impaired does not have arguable merit" and "the use of an interpreter at these sessions would not have resulted in a different outcome." Tr. Ct. Op. at 5.

Following our review, we conclude that the PCRA court's findings are supported by the record and we find no error in its legal conclusion that Appellant failed to present a claim of arguable merit. The evidence presented at the hearing, particularly Appellant's own testimony, established that Appellant understood Attorney Shipman while discussing in English trial preparations and the plea offer. Moreover, the record supports the court's determination that Attorney Shipman credibly testified that Appellant understood him while discussing in English the evidence he would need to present at trial and the plea offer.

Because the record supports the PCRA court's findings of fact and we find no error in its legal determination that Appellant failed to establish ineffective assistance of counsel, we affirm the order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/6/2026